Arguments in No. 05-1526. And here we have Mr. Hale. Excuse me, Your Honor. May it please the Court? I believe this one will be a lot less technical argument than what Your Honors may ask questions about. In fact, when I was listening to the very first appellate argument here, I was struck by how many uncertainties there were about the factual record, what was in it and what wasn't. Well, we don't have that here. What we have, I believe, really is a pure question of law. And the briefs do set it out, I think, very clearly, and the difference in the parties in terms of how they view the situation, I think, is also very clear. I think the very fact that I am standing here now and that we're having two separate appeals on the same set of motions, which resulted in what we have now, two different orders out there, the one that Mr. Russo and Mr. Kenley just argued about, and then the amended order that Judge Breyer entered, which nobody has really appealed because there really wasn't the chance to. Let me ask you a question and see whether this really gets to the heart. Perhaps you won't think it does. I'm a district judge. I enter an order, write a long opinion in which I explain why I'm granting summary judgment to one party. And then I enter an order and it says summary judgment is denied. That wouldn't be an appealable order, of course, so I guess I'd better say summary judgment is granted in part, but I get the wrong part. And to take care of the parts that I didn't, I enter a 54B certification, so there is an appealable order. And it's inconsistent, my order that I entered is inconsistent with my opinion, where the opinion makes it quite clear what I intended to do, but the order gets it backwards. And time goes by because people were paying attention to the opinion, they really weren't paying attention to the order. And after enough time goes by, more than ten days, I look at it and somebody calls it to my attention. I say, whoa, I just got it backwards. Is it your position I can't make that change? The position is that under Rule 5090, you cannot make that change, Your Honor. And this is the Whitmire case, exactly. Because in that case, the defendants moved for total summary judgment on all the plaintiff's claims. The plaintiff simply moved for partial summary judgment. The district judge entered an order granting partial summary judgment to the defendant and denying it to the plaintiff. After it was affirmed on appeal by the Fifth Circuit, it came back down, and the defendant said, well, wait a minute. Actually, it wasn't that way, Your Honor, excuse me, I got that wrong. The defendant brought a 5090 motion saying, wait a minute, Your Honor, you didn't address all the claims. You only addressed one of the three claims that we sought summary judgment on. And the Fifth Circuit said, that's a 59E motion. And it ultimately resulted in the issue was whether the time for tolling of taking an appeal had been kicked in or not. Because it was the rule that says if it's a 59E motion, then there's tolling until there's a decision made on that motion. Why isn't this under Rule 60A? Well, I'm saying the Fifth Circuit looked at it and said, that is substantive. But the Fifth Circuit, I think, right? That was a Fifth Circuit case. Yes, Your Honor. OK, I think you may have said Fed Circuit. Oh, I'm sorry, I meant Fifth. Right. I mean, it's an important distinction, because as I understand it, the Fifth Circuit has its own rule, and we're in the Ninth Circuit in terms of the circuit to which we look. And in that same case, Your Honor, there's a very important discussion of another case that also is out of the Fifth Circuit. And that's the Trehan case. And this goes directly to Tamarack's argument, which essentially is, and they even say it in the brief, if the judge got his intent, if the ruling that came out was not what he intended, that's it. That's the end of argument. He can make that change at any time. That is not the law. It can't simply be the judge's intent. If the intent and the mistake that was made was substantive, and I don't think that even Tamarack can argue here that this is not substantive. Well, my example was clearly substantive. Yes. Yeah. Now, how do we go about fixing it? I mean, there are various mechanisms in which the mystique of the mandate starts to enter, in which after a notice of appeal is filed, a district court, for example, into certain circumstances can indicate to the court of appeals that it would be prepared to entertain a motion to modify the order entered below if the court were to remand and the remand goes through and so forth. Rather cumbersome, but it's done. How do we fix it in this context where it's obvious to everyone, the judge and both parties, that there was just a flat-out typographical error in which the words that should have been there were inverted? Well, if Your Honor is saying that in the present case that it's uncomfortably clear. No, let's focus on my hypothetical because I'm going to see how far. Number one, how far you go in that direction, and number two, how we go about fixing it if you're right. Some blunders are not fixed, Your Honor, and it really comes down to that. And the reason I say that is when I started to talk about this Trahan case, in the Trahan case it was a situation where somebody had sued a bank for conversion of 15,000 shares of stock, and the district court found in favor of the plaintiff and ordered the bank to return the 15,000 shares of stock. What the district court didn't focus on was the fact that the price of the stock between the date of the conversion and the date of the judgment had diminished considerably. And so after the order to turn over the stock, that went up on appeal. That's what I was thinking about before with Griff. That was affirmed when it came back down, the plaintiff in that case said, wait a minute, we're only getting the shares, but I think you really meant to give us the difference in value, too, didn't you? And the district judge said, yes, I did. I really did, and I got it wrong. And so he wrote an opinion that now ordered the bank to turn over not only the shares but the difference in value in the monetary amount. And the court of appeals said, sorry, maybe that's what you meant, but you didn't do it and you didn't follow Rule 59E. In fact, the court said, rather, it was a substantive judgment of the court, which might have been otherwise, and which did not work out as the court intended it should. Rule 68 does not empower the court to change it. The law, and particularly 59E, puts the onus on the litigants to identify things. Judge Breyer's order, the May 17th order, the last line say to both parties, read this order and tell me within the next couple of days if there's anything wrong. Well, Tamarack read that same order as we did. What do they ultimately say on July 8th as to why they're suddenly coming up with this argument? Well, we didn't quite understand that the order was ruling against us. But if you look at the language of the order, there's no ambiguity there. It says, on Altertech's motion for non-obviousness, it is denied as to the Kurosawa and prior Tamarack devices, and in all other respects, it is granted. Where's the ambiguity? They had the burden, if they thought there was something wrong with that, within that 10 days under 59E to take action, to do something about that, and they didn't. But there's really nothing in the district court's analysis that preceded that order to suggest that that's what the court had in mind. Well, that may be that the court didn't go through our obviousness or non-obviousness motion in the same way that it did, obviously, with Tamarack's. But it did say, explicitly, I am addressing both parties' motions at the start of the opinion and then at the end of the opinion. And in that same opinion, the court granted Altertech's anticipation motion on several grounds where Tamarack simply didn't defend against it. And that's what we had here on the obviousness, too. We pointed out that they never amended their final invalidity contentions to include these various documents that they now wish they could still have as prior art. And we made that argument to the district court. I can't speculate as to whether the district court at that time considered that argument or whatever. But what can't occur and what Rule 5098 prevents is someone like Tamarack coming in months after the fact, or in this case about a month and a half instead of 10 days, and saying, you got your conclusion wrong. They had to do that within 10 days, and they had that opportunity. So if there's an error, the error was on Tamarack's part, not the district court judge's, except that he was misled, we believe, when he actually signed this thing as a clerical correction. His order itself says he's amending the order. And the cases are really clear. If this panel finds that that was a substantive change, then we submit that the only outcome that can occur here is that that order is a nullity. It just simply no longer exists. What is the relationship between this case and the first case that you heard argued? If we affirm hypothetically that first case, what happens in this case? If you affirm the underlying judgment, this case becomes less important. It doesn't become entirely moot, and I'll tell you why. And I see you're going to my rebuttal, but I don't think you have a problem. There's also in the case, and maybe your honors know it or not, but there's now a third appeal on this case. You know, talk about piecemeal appeals. Tamarack brought a motion for attorney's fees to have the case found to be exceptional. Judge Breyer held an evidentiary hearing and denied that motion, turned down, saying that they had not met their burden of proof on inequitable conduct. They've appealed that. Okay. So that's also now coming up before the court. Very well. If you have nothing else, we'll save your rebuttal time for what remains. Okay. Ms. Trousseau. Correct? That's correct. Good morning, your honors, and may it please the court. Before I get into the substantive issues raised by your questions, I want to bring this court's attention to procedural issues that are presented by this appeal. The first one is that this court has already decided the issue that's currently before it, and therefore this appeal is not properly before this court. As the court is aware, the court, Judge Newman in particular, rejected Olcotec's arguments that are being raised here on appeal in its August 26, 2005 order. But the appeal here is not an appeal of Judge Newman's order. The appeal is from the district court's decision, correct? Correct, which was rendered moot by Judge Newman's order, which basically rejected the very arguments that Olcotec is making here are the same arguments they raised in their opposition to Tamarack's motion filed with the Federal Circuit. Just to give you some—and I know you're familiar with the procedural history, so I don't want to belabor the point—but Tamarack filed two motions, one before the district court and one before the Federal Circuit, because there's a case law authority that suggested, prior to seeking a leave from the appellate court, to find out if the district court was inclined to even entertain a 68 motion or, more importantly, grant one. That's exactly what Tamarack did. After getting the district court's decision, it then proceeded with filing its motion before this court. And, again, in opposition to that motion, Olcotec raised the very same arguments that it's raising now, particularly that the district court lacked jurisdiction to hear the motion, and, more importantly, that this was actually a 59E motion, not a 68 motion. And so, therefore, this appeal is procedurally defective because this court has already decided those issues. In addition, Tamarack and Olcotec have argued that the Federal Circuit did not have jurisdiction to entertain that motion because the district court, arguably based on Olcotec's position, lacked jurisdiction to hear it. Again, that's not true. Tamarack—it's based on a false premise that Tamarack was actually seeking an appeal of the district court's favorable decision. Tamarack was not doing that, as I just stated. Tamarack filed two motions, first the district court, and then, with this court based on Ninth Circuit laws, which, as the court has correctly pointed out, is the operative law. Getting to—and, therefore, this court had jurisdiction to hear the motion and correctly granted that motion. As to the substantive issues, I think the most important thing— Excuse me, counsel. If the motion was pending here, the appeal was pending here, and the motion was pending before the district court, what is the effect of Judge Newman's ruling? There's no substantive ruling on that as to whether or not the motion below should continue, is there? Absolutely not. Rule 60A, as well as the case law, provides that you could do one of two things. You could either seek leave from the federal circuit to remand the case back to the district court and get the district court's decision as to whether it's inclined to grant the motion, and then correct the record accordingly, as the particular order at issue, the May 17th order, was already being appealed. Or, as the cases that we relied on, first seek the opinion of the district court as to whether it was inclined to grant the motion, and then proceed with the appellate court, which is the course of action the appellate chose made the most sense. Why waste this court's time if the court was not inclined to grant the motion? So, as I said earlier, this motion has already been—the issues presenting this appeal have already been resolved by this court. Getting to the substantive issues, I think the most important thing and the key thing to the substantive issues is the law that's applied to this case. And in particular, a lot of weight has been placed by Olchek on the Fifth Circuit case law. Guess what? It's different than the Ninth Circuit case law. The Ninth Circuit case law specifically says to determine whether it's a Rule 60A motion or a 59E motion, look at the court's intention. But even if you were to look at the Fifth Circuit case law, and in particular, the case that's heavily relied on by Olchek, the Britt v. Whitmore case, which you've heard them bring up several times on page—I'm not sure I did this correctly. Remind me, because it's now quite flown out of my mind, the timing of the notice of appeal filing in this case vis-a-vis the various papers that were filed in connection, starting with the original judgment and the request for a modification and the entry of the modification. Sure. You're referring to the appeal of this particular order and not— Yes. Yeah, yeah, yeah. So the appeal was filed, I believe, August—let me make sure this is right. I believe it was August 11, and then this court came out with this decision August 26. Olchek themselves were kind of not quite sure whether to pursue the appeal or not. In fact, sought an extension so that they could review the case law to decide whether they should pursue the appeal or not in light of Judge Newman's order. We met and conferred on that issue. Of course, Cameron's position was that it was moot. Olchek's position was that it's not, and that's why we're here today. But even Olchek admitted that they were not quite sure how Judge Newman's order affected this particular appeal. So I believe it was August 11 they filed a notice of appeal. August 26 is when the court actually—August 26 is when Judge Newman's order came out. All right. As to what I wanted to bring the court's attention to was the Brittmore—the Britt v. Whitmore case. And in particular, I believe this is on page—I apologize, it's 515. The court states, unlike Dura Wood, which was a Rule 60A motion, by the way, it is not apparent from the record of the instance case that the district court intended to grant a summary judgment motion on all claims. Even the Britt v. Whitmore case says that you look at the court's intention. And as a matter of fact, all the cases relied on by Olchek, and in particular their mostly prejudgment interest cases, reveal that there was nothing in the record that showed the court intended one thing but did another. The case here—this case clearly shows in the record the court intended something else. Olchek stated that it wasn't clear from the court's order whether it was actually considering Olchek's motions, and in particular the 1990 offer for sale by Olchek. That's actually not correct. The court's May 17th order specifically states—and I want to read this particular part to you because I think it really kind of does jog— and this is what the court said. The district court— What page? It's page 21, bit note 3. Is that the district court's May 17, 2005 order? Mm-hmm. The court says, although not—and Olchek is correct—although the court did not substantively address Olchek's motion, and in particular Olchek's 1990 offer for sale, it did state it had rejected all of Olchek's arguments, including those which were not specifically addressed in the memorandum and order. I don't know how more clear you can be. In addition to that particular statement in the court's May 17th order, if you go back to the court's earlier October 12, 2004 order—and I'll get to that in a second because I think that's crucial— the court found Tamark has proven that Olchek's 1990 offer at IBM establishes a prima facie case of unpatentability. Again, Olchek fails to point to anything in the record other than the mistake that's at issue in this appeal to support its position that the district court was somehow reversing the order. I think actually for the first time Olchek conceded that it was a typographical error today. As to their substantive rights argument, in particular Olchek claims that if somehow the court affirms the district court's order and Judge Newman's order, that it's going to affect its rights substantively. That's not the case. First they argue that an affirmance would not provide an avenue to appeal the district court's finding on the 1990 offer for sale by Olchek. That's actually not true. What Olchek has failed to bring to this court's attention is that 1990 offer for sale by Olchek is at issue in the appeal that was just argued today, the 05-1421. And in particular, Olchek is appealing the finding by the district court judge in this October 12, 2004 order that the old 1990 offer for sale was material. So they're being disingenuous to suggest that that offer is not already before this court. And as Olchek correctly pointed out, it's also before this court on Tamarack's motion for attorney's fees appeal. So to suggest that the 1990 offer for sale is not at issue in this appeal or before this court is simply not true. The other argument that Olchek makes as to its rights being substantively affected is that it will rip the prevailing party status away from Olchek. No amendment of the judgment is being sought. Regardless of how this court determines this appeal is not going to affect the amendment, the judgment. The judgment is intact. Olchek's patents remain valid. And even if this court was to reverse the district court's finding with respect to the 05-142 appeal, that would not change the outcome, would not affect the 1990 offer for sale by Olchek because it's the same offer for sale that's at issue in the Tamarack 05-142 appeal. In other words, if the court finds that the 1990 offer for sale by Tamarack did not render the patent valid based on anticipation or obviousness, guess what? That same decision based on collateral estoppel most likely would render the 1990 offer for sale by Olchek certainly not anticipatory or rendering the patent obvious. What should be the degree of scrutiny that an appellate court should give to a district court's determination or at least representation that a particular change was simply a change which corrects an error in the articulation of the judge's intent? That's a good question. I actually went back and looked at lots of cases on this very issue. In some cases in particular, and I'm looking for the case. I need to look back at my notes. It's actually a case that's before this court in the party's briefs. The appellate court did look specifically at the district court's words that this was a mistake. And therefore, it was a Rule 60A motion and not a 59A motion. That should be the end of the matter? That should be the end of the matter. There's a reason for the difference in the two. And the notion is that a judge should not, depending on later circumstances, decide to change his or her mind about the way the case should have come out. There is a finality to the entry of judgment. There is an opportunity for reconsideration. But once the door closes on that, the notion is case closed, except for this rather small crack in the door called typographical errors and the like, clerical mistakes. And the problem is, and I think this is essentially Mr. Hale's argument, is that if you widen that crack by a significant amount, particularly if you widen it and basically throw the door largely open, at least by saying that you credit the district court's version, the district court's account, it may be that the district court really will have just changed his mind, but has decided to do so and may give it legal effect by calling it a clerical error. And I'm uncomfortable with your answer that all you have to do is look at what the district court said, and that's the end of the matter. But we're not relying on just what the district court said. I understand that, but I was looking to you for a standard, and the standard you gave me was what he said. The standard is split. There are some courts that look merely at the record that was before the court to see if there clearly was a typographical error, and there are other courts that actually look at what the district court said as to whether the error was a mistake or not. I agree. As a matter of fact, the cases where this comes up a lot is in the transfer venue cases. Plaintiff is a Texas plaintiff and files its action in Texas, and guess what? Defendant moves for either improper venue or form of nonconvenience. Case is transferred to, let's say, New York, and there is no reason why the transfer actually occurred. The district court fails to state its reasons for actually changing venue. And it has, in this particular case that I was thinking of that I just read, whether the court transferred the case based on improper venue or form of nonconvenience made a huge difference in whether the case could proceed or not. Plaintiff, of course, goes back to the district court in Texas and says, what did you mean? Form of nonconvenience or improper venue? And by the way, wink, wink, if you decide it this way, we can proceed. If you decide it that way, you cannot. And because of hometowning, the district court would say, well, of course, we meant form of nonconvenience, not improper venue. In those cases, courts have been reluctant to look to see whether the court's intention, its own statement of its intention, is enough. But we submit that this is not just the district court's statement that it made an error. It's the record that supports that it made an error. And Rule 60 is not meant for just those minor ministerial errors that occur. I mean, it specifically says mistakes and judgments. How much more significant can you get? 59E was ---- Well, mistakes, but that doesn't mean the court thinks that it made a legal error. Correct. When you say mistakes and judgments, we're really talking, at least in 60A, obviously not the rest of 60, but we're talking about these highly technical mistakes, non-substantive errors called. We submit this was a technical type of error. I know you do. But what I'm trying to do is to sense where you want us to draw the line. I mean, we can't simply say. I mean, counsel always say, well, it's not necessary to decide all that in this case. But we have to write a ---- if we write an opinion, we have to write an opinion which says this is the rule as we construe it. Here are the parameters, and here's where this case fits within that rule. We can't simply say we're not sure what the rule is generally. Maybe it's broad. Maybe it's narrow. But whatever it is, and we're not going to tell you, this case doesn't satisfy the rule. I agree. And the cases regarding 59E and 60A, I think, give you a great platform to say this is not a 59E situation. Okay. 59E specifically says, is the court reassessing its judgment? Is the court reconsidering the merits? Is the court ---- did it have a mistake in judgment? Not a mistake to the judgment, which I think is where we part. ULTRIC seems to suggest that if there was a mistake in a judgment, then you're done. It's a 59E. No, it's a mistake in judgment. Okay. I think we have your case. Thank you. Great. Thank you. And, Mr. Hale, I think you have a couple of minutes. Yeah. You have some time for rebuttal. Very quickly, I think Tamarack is conceding that this was a substantive change in pointing out, incorrectly, that there's supposedly a difference in law between the Fifth Circuit and the Ninth Circuit. The Ninth Circuit does not adopt a policy that says the difference between 59E and 60A is simply the intent of the judge. The Ninth Circuit also has a substantive versus clerical difference when it looks at the two rules. 60A is Bartleby the scrivener. That's what that rule is. It's, you know, somebody made a mistake in transcribing it. The Ninth Circuit says that just as much as the Fifth Circuit does. But suppose the transcription mistake was that the word granted was put in instead of the word denied. And it's Bartleby that put it in. I mean, suppose we can show without any doubt that it was simply the bailiff entering the order, just put the wrong word in. I thought your answer to me initially was too bad. I think in hyperbole. Well, my answer was on the notion of you sought some re-judgment on so many different claims and, you know, some of them were overlooked. No, no, the question is the word. I want to make sure I understand how broad your position is, and I had initially understood it was pretty broad, which is if the word granted goes in and the judge wants to take it out and put the word denied, can that be a 60-A? It could be, for instance, Your Honor, if the judge said to his stenographer or his secretary or whatever that types up the orders, I want you to make sure that that one says granted or whatever, and she put denied in. Okay? And then the judge could say, yeah, she got it wrong. That was a typographical error. If you read Judge Breyer's amended order here, that's not what happened. He went back and read the whole order, and he said, based on that, I've concluded I made a mistake in judgment. It's not a mistake typographically. There's nothing in that that suggests typographical error whatsoever. I know my time is very short, but the footnote that Mr. So referred to where the court supposedly said it was rejecting all of the arguments, that's at A22 in the record, that footnote was in the context of their motion for obviousness, for invalidating based on obviousness. It came right out of that. It was not a footnote about I've rejected all of Walter Tech's arguments in all of the motions. So that's overstated. The point I made before on attorney's fees when I was trying to respond before, is that they have their attorney's fees argument. It is important that we have a record that shows in part that we are prevailing or have prevailed in certain aspects of the record below. And so in that respect, even if this panel decided not to reverse the main appeal, then there would still be some need for that as well. I think that's it, Your Honor. Very well. Thank you. The case is submitted. Thank you both counsel.